UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Yvette Bowen,

                        Plaintiff,

           -against-

Frank Bisignano, Acting Commissioner of the
Social Security Administration,
                        Defendant.
------------------------------------------------------------------X

7:19-cv-05225-VR

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Currently before the Court is a motion for attorney's fees brought by counsel for Plaintiff, under 42 U.S.C. § 406(b). (ECF No. 30). For the reasons below, the motion is **GRANTED**.

## BACKGROUND

      On January 21, 2016, Plaintiff filed an application for Social Security Disability benefits, alleging disability since June 1, 2015. (ECF No. 11 at 146–47).[1] The Administrative Law Judge (ALJ) found Plaintiff was not disabled on April 18, 2018 (*Id.* at 17–24). Plaintiff sought review of the ALJ's decision by the Appeals Council, which denied his request on April 4, 2019. (*Id.* at 6–8). Plaintiff commenced this action by filing a complaint in the Southern District of New York on June 4, 2019 (ECF No. 1), and Defendant filed the Social Security Administration's (SSA)

---

[1] All page numbers refer to ECF pagination.

administrative record shortly thereafter. (ECF No. 11). After Plaintiff moved for judgment on the pleadings (ECF No. 16), the parties agreed to remand the case to the SSA for further proceedings (ECF No. 22), and the case was remanded and judgment was entered on May 15, 2020. (ECF No. 23). Plaintiff's counsel was then awarded $5,488.70 of attorney's fees under the Equal Access to Justice Act (EAJA).[2] (ECF No. 29).

On remand, the ALJ found that Plaintiff was not disabled, and Plaintiff requested review of the ALJ's decision by the Appeals Council. (ECF No. 31 at 3). On January 27, 2025, the Appeals Council found Plaintiff was disabled since June 26, 2015 (*Id.*). In a Notice of Award (NOA) dated March 1, 2025, the SSA noted that $41,394.50—approximately 25% of Plaintiff's past due benefits—was being withheld from Plaintiff for attorney's fees. (ECF No. 31-3).

Plaintiff signed a retainer agreement providing that if his case was remanded by the United States District Court to the SSA and, upon remand, Plaintiff was awarded past due benefits, then Plaintiff would pay his counsel up to 25% of past due benefits. (ECF No. 31-1). On March 4, 2025, Plaintiff's counsel moved for attorney's fees and requested $41,394.50, which represents 25% of Plaintiff's past due benefits. (ECF No. 31). Counsel acknowledges that if he is awarded $41,394.50 in fees under 42 U.S.C. § 406(b), then Plaintiff is entitled to a refund of $5,488.70

---

[2] Under the EAJA, a party prevailing against the government may receive fees if the government's position was not "substantially justified." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). But if fees are also awarded under 42 U.S.C. § 406(b), then Plaintiff's attorney must refund to Plaintiff the smaller of the two fees. *Id.*

for the EAJA fees that were previously awarded. (ECF No. 32 at 5). Defendant has not responded to Plaintiff's motion for fees.

## DISCUSSION

### I.  Legal Standard

Three statutes authorize attorney's fees in social security actions: 42 U.S.C. § 406(a) governs fees for representation in administrative proceedings; 42 U.S.C. § 406(b) controls fees for representation in federal court; and the EAJA provides additional fees if the Commissioner's position was not "substantially justified." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 794–96 (2002). Under Section 406(b), which is invoked here, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under Section 406(b) must begin with the agreement, which should be enforced so long as it is reasonable. *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (citing *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)). "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingent fee agreement." *Caraballo v. Comm'r of Soc. Sec.*, No. 17-cv-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021) (citing *Wells*, 907 F.2d at 371).

II.  Analysis

    A. **Timeliness of Fee Application**

Under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, an attorney's fee application under Section 406(b) must be filed within fourteen days after entry of judgment. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). But that fourteen-day filing period may be equitably tolled when such motions must await the Commissioner's calculation of benefits following remand. *Id.* at 85, 91. In that circumstance, the fourteen-day period starts to run when the claimant receives notice of the benefits calculation, otherwise known as the Notice of Award (NOA). *Id.* Here, Plaintiff's motion was filed on March 4, 2025, three days after the NOA dated March 1, 2025. (ECF No. 30). Thus, the application is timely. Notably, Defendant does not contest the timeliness of the application.

    B. **Reasonableness of Fee Award**

To assess the reasonableness of a contingency fee award, the Second Circuit in *Wells* instructed courts to determine: (1) whether the contingency percentage is within the 25% cap; (2) whether there has been fraud or overreaching in making the agreement; and (3) whether the fee amount is so large that it constitutes a windfall to the attorney. *Wells*, 907 F.2d at 372; *see also Fields*, 24 F.4th at 853. In *Gisbrecht v. Barnhart*, the Supreme Court provided additional "reasonableness" factors for courts to consider: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay," lest the attorney profit from the accumulation of benefits during a delay that the attorney caused, and (3) "if the benefits are large in

comparison to the amount of time counsel spent on the case," the so-called windfall factor also cited in *Wells*. *Gisbrecht*, 535 U.S. at 808 (internal citations omitted).

Here, the *Wells* factors weigh in favor of approving the requested attorney's fee. First, counsel's requested fee does not exceed the 25% cap. (ECF No. 32). Second, there is no evidence of fraud or overreaching by Plaintiff's counsel. Third, and finally, the requested fee does not constitute a windfall. Plaintiff's counsel seeks an award of attorney's fees in the amount of $41,394.50 for 28.1 hours of work. (ECF No. 31, 31-2). This amounts to an hourly rate of $1,473.11. In determining whether a windfall renders a fee in a particular case unreasonable, the Second Circuit instructed courts to look beyond the *de facto* hourly rate. Instead, courts must assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship with the claimant," (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854–55. A relatively high hourly rate may be perfectly reasonable in the context of a given case, where experienced lawyers were "particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do." *Id.* at 854.

Here, Plaintiff's counsel is an expert in the area of Social Security law and successfully secured an award of $165,578.00 in past due benefits for Plaintiff, which speaks to counsel's experience and efficiency. Second, counsel represented Ms. Bowen for a lengthy period of time, and there is no evidence of dissatisfaction

with his representation at any point during this period. (ECF No. 32). Also, it does not appear that the outcome of Plaintiff's case was certain to result in an award of benefits, as evidenced by the ALJ initially finding Plaintiff not disabled, and the Appeals Council subsequently denying a request for review. *Id*. Considering the ability and expertise of Plaintiff's counsel, their years-long client relationship devoid of any evidence of client dissatisfaction, and their efficient procurement of a positive result, counsel's hourly fee of $1,473.11 (although high) does not constitute a windfall. Indeed, this rate is less than the $1,556.98 *de facto* hourly rate that the Second Circuit approved in *Fields*. 24 F.4th at 856.

Moreover, the additional reasonableness factors in *Gisbrecht* also weigh in favor of approving the requested fee. The requested fee is not out of line with the "character of the representation and the results the representative achieved." *Fields*, 24 F. 4th at 853 (quoting *Gisbrecht*, 535 U.S at 808). Counsel obtained positive results for their client, securing a remand by agreement from the Commissioner after bringing this action to challenge the denial of benefits. (ECF Nos. 22–23). Although on remand the ALJ found Plaintiff to be not disabled, upon review, the Appeals Council found Plaintiff to be disabled since June 26, 2015, and entitled to receive benefits. (ECF No. 31). The Court finds this to be reasonable and within the contours of fees typically awarded. *Fields*, 24 F.4th at 856. In addition, Plaintiff's counsel did not cause any unreasonable delay in this action. Although Plaintiff's counsel did request an extension to file their motion for judgment on the pleadings, this request was not unreasonable, and, in any event, the parties

stipulated to remand soon thereafter. (ECF Nos. 13, 22). Plaintiff's counsel did not unreasonably delay the action but rather resolved this matter efficiently by procuring a stipulation and foregoing the need for motion practice.

## CONCLUSION

For the reasons stated above, the motion for attorney's fees is **GRANTED**, and Plaintiff's counsel is awarded $41,394.50 in fees to be paid out of Plaintiff's past-due benefits. Upon receipt of this award, Plaintiff's counsel shall promptly refund to Plaintiff $5,488.70, which represents the EAJA fees that counsel previously received. The Clerk of Court is respectfully requested to close out the gavel associated with ECF No. 30.

SO ORDERED.

DATED:   White Plains, New York
         July 30, 2025

_____
VICTORIA REZNIK
United States Magistrate Judge